**WO**

# IN THE UNITED STATES DISTRICT COURT
# FOR THE DISTRICT OF ARIZONA

| | |
|---|---|
| Walter Hunter, | No. CV-16-08246-PCT-JJT |
| Plaintiff, | **ORDER** |
| v. | |
| Commissioner of Social Security Administration, | |
| Defendant. | |

At issue is the denial of Plaintiff Walter Hunter's Application for Disability Insurance Benefits by the Social Security Administration ("SSA") under the Social Security Act ("the Act"). Plaintiff filed a Complaint (Doc. 1) with this Court seeking judicial review of that denial, and the Court now addresses Plaintiff's Opening Brief (Doc. 12, "Pl.'s Br."), Defendant Social Security Administration Commissioner's Opposition (Doc. 13, "Def.'s Br."), and Plaintiff's Reply (Doc. 15, "Reply"). The Court has reviewed the briefs and Administrative Record (Doc. 11, R.) and now affirms the Administrative Law Judge's decision (R. at 22-32) as upheld by the Appeals Council (R. at 1-4).

**I.  BACKGROUND**

Plaintiff filed his Application on February 21, 2013, for a period of disability beginning December 6, 2012 (R. at 133-39) through his date last insured of September 30, 2017 (R. at 22). Plaintiff's claim was denied initially on August 7, 2013 (R. at 77-80), and on reconsideration on May 20, 2014 (R. at 82-84). Plaintiff then

testified at a hearing held before an Administrative Law Judge ("ALJ") on August 4, 2015. (R. at 37-52.) On September 1, 2015, the ALJ denied Plaintiff's Applications. (R. at 22-32.) On June 9, 2016, the Appeals Council upheld the ALJ's decision. (R. at 1-4.) The present appeal followed.

The Court has reviewed the medical evidence in its entirety, and the pertinent medical evidence will be discussed in addressing the issues raised by the parties. In short, upon considering the medical records and opinions, the ALJ found that Plaintiff has severe impairments of chronic obstructive pulmonary disease ("COPD"), status post major burn with extensive scarring, and obesity (R. at 24), but that Plaintiff has the residual functional capacity ("RFC") to perform work within the national economy, such that Plaintiff is not disabled under the Act (R. at 30-32).

**II. LEGAL STANDARD**

In determining whether to reverse an ALJ's decision, the district court reviews only those issues raised by the party challenging the decision. *See Lewis v. Apfel*, 236 F.3d 503, 517 n.13 (9th Cir. 2001). The court may set aside the Commissioner's disability determination only if the determination is not supported by substantial evidence or is based on legal error. *Orn v. Astrue*, 495 F.3d 625, 630 (9th Cir. 2007). Substantial evidence is more than a scintilla, but less than a preponderance; it is relevant evidence that a reasonable person might accept as adequate to support a conclusion considering the record as a whole. *Id.* To determine whether substantial evidence supports a decision, the court must consider the record as a whole and may not affirm simply by isolating a "specific quantum of supporting evidence." *Id.* As a general rule, "[w]here the evidence is susceptible to more than one rational interpretation, one of which supports the ALJ's decision, the ALJ's conclusion must be upheld." *Thomas v. Barnhart*, 278 F.3d 947, 954 (9th Cir. 2002) (citations omitted).

To determine whether a claimant is disabled for purposes of the Act, the ALJ follows a five-step process. 20 C.F.R. § 404.1520(a). The claimant bears the burden of proof on the first four steps, but the burden shifts to the Commissioner at step five.

*Tackett v. Apfel*, 180 F.3d 1094, 1098 (9th Cir. 1999). At the first step, the ALJ determines whether the claimant is presently engaging in substantial gainful activity. 20 C.F.R. § 404.1520(a)(4)(i). If so, the claimant is not disabled and the inquiry ends. *Id.* At step two, the ALJ determines whether the claimant has a "severe" medically determinable physical or mental impairment. 20 C.F.R. § 404.1520(a)(4)(ii). If not, the claimant is not disabled and the inquiry ends. *Id.* At step three, the ALJ considers whether the claimant's impairment or combination of impairments meets or medically equals an impairment listed in Appendix 1 to Subpart P of 20 C.F.R. Part 404. 20 C.F.R. § 404.1520(a)(4)(iii). If so, the claimant is automatically found to be disabled. *Id.* If not, the ALJ proceeds to step four. *Id.* At step four, the ALJ assesses the claimant's RFC and determines whether the claimant is still capable of performing past relevant work. 20 C.F.R. § 404.1520(a)(4)(iv). If so, the claimant is not disabled and the inquiry ends. *Id.* If not, the ALJ proceeds to the fifth and final step, where he determines whether the claimant can perform any other work in the national economy based on the claimant's RFC, age, education, and work experience. 20 C.F.R. § 404.1520(a)(4)(v). If so, the claimant is not disabled. *Id.* If not, the claimant is disabled. *Id.*

### III. ANALYSIS

Plaintiff raises three principal arguments for the Court's consideration: (1) the ALJ erred by not including degenerative disc disease as a severe impairment; (2) the ALJ erred in weighing the treating and examining physicians' opinions; and (3) the ALJ erred in finding Plaintiff's testimony less than fully credible. (Pl.'s Br. at 5-11.)

#### A. The ALJ's Decision Not to List Degenerative Disc Disease as a Severe Impairment Was Supported by the Record

At step two of the disability analysis, the ALJ did not list degenerative disc disease ("DDD") as a severe impairment, which Plaintiff alleges was materially harmful error. If there is sufficient, reliable evidence of an impairment, the ALJ may only find the impairment to be non-severe in the disability analysis if "the evidence establishes a slight abnormality that has no more than a minimal effect on an individual's ability to work."

*Webb v. Barnhart*, 433 F.3d 683, 687 (9th Cir. 2005) (citing *Smolen v. Chater,* 80 F.3d 1273, 1290 (9th Cir. 1996)).

Here, the evidence of degenerative disc disease is scant, and what evidence there is lacks reliability. On July 27, 2013, Dr. Jared Fairbanks—an examining but not treating physician—conducted pulmonary function testing ("PFT") on Plaintiff arising from his application for disability benefits. (R. at 221-224.) In the test report, Dr. Fairbanks noted "subjective complaints of pain" and "a mild decrease in the lumbar spine range of motion," adding that, although it was beyond the scope of his testing, "the imaging for review [ ] shows that there is a moderate to severe degeneration and stenosis regarding these." (R. at 224.) But the medical record contains no direct support for such a diagnosis, including no notes by a treating or examining physician, test results, x-rays or MRI images. Thus, Plaintiff's contention of a DDD impairment is not supported by any reliable evidence in the record, and the ALJ did not err in declining to include DDD as a severe impairment.

### B. The ALJ Properly Weighed the Assessments of Plaintiff's Treating and Examining Physicians and Properly Considered the Record as a Whole

Plaintiff argues the ALJ committed reversible error by misapplying the assessment of an examining physician, Dr. Bendheim, and by assigning inadequate weight to the assessment of Plaintiff's "treating" physician, Dr. Dean. (Pl.'s Br. at 5-8.) An ALJ "may only reject a treating or examining physician's uncontradicted medical opinion based on 'clear and convincing reasons.'" *Carmickle v. Comm'r of Soc. Sec.*, 533 F.3d 1155, 1164 (9th Cir. 2008) (citing *Lester v. Chater*, 81 F. 3d 821, 830-31 (9th Cir. 1996)). "Where such an opinion is contradicted, however, it may be rejected for specific and legitimate reasons that are supported by substantial evidence in the record." *Id.*

On June 1, 2013, at the request of the State agency, Plaintiff visited Dr. Paul Bendheim for an examination. (R. at 213-18.) Dr. Bendheim noted Plaintiff's reports that he "spends his time cleaning up [his mother's] property, including repairing the fence" and that he is "independent as to activities of daily living." (R. at 213.) Dr. Bendheim

noted Plaintiff "is fit," "walks without assistance," "sits comfortably," "gets on and off the examination table without difficulty," and "removes his sandals and puts them back on without difficulty." (R. at 214.) Plaintiff "smokes one pack per day" of cigarettes and "has smoked for 40 years," and he "uses pot for recreational purposes." (R. at 214.) Dr. Bendheim's physical examination of Plaintiff revealed no abnormalities (R. at 215). In sum, Dr. Bendheim concluded that Plaintiff has no functional limitations with regard to sitting, standing, walking or any other physical activity. (R. at 216-17.) Dr. Bendheim also noted that, on account of the scars from burns on his skin and excessive smoke inhalation, Plaintiff has some limitations in working in extreme temperatures or around chemicals, dust, fumes or gases, commenting that "[a]ny environmental exposure that could conceivably increase the risk to his lungs should be avoided." (R. at 217.)

The ALJ afforded Dr. Bendheim's assessment great weight (R. at 28) and precisely accounted for Plaintiff's nonexertional limitations in his RFC by restricting him to work with no "exposure to extreme cold [or] extreme heat" and no "exposure to toxic, caustic chemicals," among other such restrictions. (R. at 31.) Plaintiff argues that the ALJ's formulation of the RFC is not supported by the record, but the Court finds the opposite—the ALJ's formulation of the RFC is wholly supported by the record. (R. at 31.) The Court thus finds no error on the part of the ALJ in considering Dr. Bendheim's assessment of Plaintiff.

On August 12, 2014, Plaintiff saw Dr. George Dean to "establish care," and Dr. Dean conducted an initial evaluation. (R. at 240-42.) On September 12, 2014—Plaintiff's next visit—Dr. Dean completed a Medical Opinion Questionnaire. (R. at 229-31.) In the initial examination, Dr. Dean noted Plaintiff's reports of certain systemic limitations, including "shortness of breath while walking" and "swelling in the extremities," and Dr. Dean observed "limited ambulation" but "good judgment" and "normal mood" during the examination. (R. at 241-42.) However, in his assessment of Plaintiff's functional capacity on the next visit a month later, Dr. Dean concluded among other things that Plaintiff could only walk 100 yards, sit for one hour, and stand for 30

minutes at one time. (R. at 233.) He also opined that Plaintiff will have to take a 15 minute break every hour. (R. at 233-34.) Like Dr. Bendheim, Dr. Dean also noted that Plaintiff's exposure to environmental extremes, like heat and cold, should be avoided. (R. at 235.)

The ALJ concluded that Dr. Dean's assessment of Plaintiff's physical limitations is not supported by the objective medical record, and the Court agrees. The sole support found in Dr. Dean's own examination of Plaintiff is his observation that Plaintiff had "limited ambulation." (R. at 241.) But no objective medical support exists for Dr. Dean's conclusions as to the other limits he placed on Plaintiff's physical capacity, such as, for example, limited sitting periods and frequent breaks. The Court finds that the ALJ provided adequate reasons under either standard—specific and legitimate or clear and convincing—for discounting certain aspects of Dr. Dean's assessment, and the ALJ did not err in accounting for Dr. Dean's assessment in formulating Plaintiff's RFC. *See, e.g.*, *Kibble v. Comm'r Soc. Sec. Admin.*, 584 F. App'x 717, 719 (9th Cir. 2014); *Tommasetti v. Astrue*, 533 F.3d 1035, 1041 (9th Cir. 2008).

### C. The ALJ Properly Weighed Plaintiff's Testimony

Plaintiff also argues that the ALJ erred in his consideration of Plaintiff's symptom testimony. (Pl.'s Br. at 21-25.) While credibility is the province of the ALJ, an adverse credibility determination requires the ALJ to provide "specific, clear and convincing reasons for rejecting the claimant's testimony regarding the severity of the claimant's symptoms." *Treichler v. Comm'r of Soc. Sec.*, 775 F.3d 1090, 1102 (9th Cir. 2014) (citing *Smolen*, 80 F.3d at 1281). "In evaluating the credibility of pain testimony after a claimant produces objective medical evidence of an underlying impairment, an ALJ may not reject a claimant's subjective complaints based solely on a lack of medical evidence to fully corroborate the alleged severity of pain." *Burch v. Barnhart*, 400 F.3d 676, 680 (9th Cir. 2005). This is because "pain testimony may establish greater limitations than can medical evidence alone." *Id.* The ALJ may properly consider that the medical record does not contain evidence to support certain symptom testimony, but that cannot form the

sole basis for discounting the testimony. *Id.* at 681. The ALJ may also properly consider inconsistencies in the claimant's testimony, including inconsistencies between the claimant's testimony of daily activities and symptom testimony. *Id.*

The ALJ discounted certain subjective symptom testimony for the reasons mentioned above—inconsistency with the objective treatment records and a lack of any reliable treatment records. As already noted, the Court cannot find that the ALJ erred in weighing the record of Plaintiff's treatment by Dr. Dean, and the ALJ identified specific inconsistencies between Plaintiff's treatment—and lack thereof—and his symptom testimony. For example, the ALJ cited numerous specific portions of the medical record observing that Plaintiff was healthy, comfortable, and in no acute distress, in contrast to what Plaintiff reported at the hearing. (R. at 27.) The ALJ also noted that Plaintiff never received treatment consistent with his symptom reports and continues to smoke a pack of cigarettes a day despite his reports of breathing difficulties and environmental limitations. (R. at 27.) By identifying these inconsistencies as a factor in his credibility determination, the ALJ provided a clear and convincing reason to discount the Plaintiff's testimony. *See Burch*, 400 F.3d at 680.

Likewise, the ALJ's consideration of Plaintiff's testimony regarding daily activities against his symptom testimony was not improper. For example, the fact that Plaintiff reported he spent his time taking care of his mother's property and repairing the fence is inconsistent with his symptom testimony. *See Tommasetti*, 553 F.3d at 1039. These inconsistencies are also specific, clear and convincing reasons for the ALJ to discount Plaintiff's symptom testimony. As a whole, these reasons are sufficient for the Court to conclude that the ALJ did not err in weighing Plaintiff's testimony. *See Turner v. Comm'r, Soc. Sec. Admin.*, 613 F.3d 1217, 1224-25 (9th Cir. 2010); *Burch*, 400 F.3d at 680-81.

. . . .

. . . .

. . . .

## IV. CONCLUSION

Plaintiff raises no error on the part of the ALJ, and the SSA's decision denying Plaintiff's Application for Disability Insurance Benefits under the Act was supported by substantial evidence in the record.

IT IS THEREFORE ORDERED affirming the September 1, 2015 decision of the Administrative Law Judge, (R. at 22-32), as upheld by the Appeals Council on June 9, 2016, (R. at 1-4).

IT IS FURTHER ORDERED directing the Clerk to enter final judgment consistent with this Order and close this case.

Dated this 16th day of May, 2018.

Honorable John J. Tuchi
United States District Judge